IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DALE JOSEPH LYNCH, #125973,     )
                                    )
     Plaintiff,             )
                                      )
v.                         )      No. 3:15-cv-0510
                                      )
HUMPHREYS COUNTY SHERIFF'S     )      Chief Judge Sharp
DEPARTMENT et al.,           )
                                      )
     Defendants.           )

## MEMORANDUM OPINION

Plaintiff Dale Lynch, an inmate confined at the Humphreys County Jail in Waverly, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against numerous defendants. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the complaint must be dismissed for failure to state a claim for which relief may be granted.

I.       **Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it seeks relief from government entities or officials, 28 U.S.C. § 1915A(a), or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.    Factual Allegations

The plaintiff names the following as defendants: Humphreys County Sheriff's Department; Humphreys County Jail; Humphreys County Sheriff Chris Davis; Humphreys County Jail Administrator Tammy Ross; Corporal Tracy Floyd, Second Shift Supervisor; Kris Jernigan, Third Shift Guard; Ben Wilhelman, Third Shift Guard; Stephanie McFerren, Third Shift Guard; Deputy [f/n/u] Duty; Meilsad (or Melissa) Tarpy, Sheriff's secretary; Nacole Spilker, Nurse at Horizon Hospital; Dr. [f/n/u] Pepper, Surgeon at Horizon Hospital; Mavis Schliter, Second Shift Guard; and Nurse Kayla [l/n/u].

The plaintiff alleges that on January 24, 2015, he was taken from a cell to booking, where he saw that a letter he was trying to send out was in the hands of defendant Wilhelman. The letter had been torn open from the top. Defendant Kris Jernigan told Wilhelman to leave and told the plaintiff to sit.

After a few minutes Deputy Duty and a few other deputies entered the room. Deputy Duty yelled at the plaintiff, threatening him with felony charges. Deputy Duty told the plaintiff "he would make sure [plaintiff's] bond was pulled." (ECF No. 1, at 7.) The plaintiff does not indicate why Deputy Duty yelled at him or threatened him with felony charges, or whether the incident had anything to do with the opened outgoing mail the plaintiff saw in Wilhelman's hands. The Court can only speculate that it probably did.

The next day, the plaintiff confronted Jernigan, who told the plaintiff he was ordered to open "it," presumably the letter, and "there wasn't a damn thing [the plaintiff] could do about it." (*Id.*)

When the plaintiff was in court for his preliminary hearing, defendant Tarpy brought in seven copied, out-going letters, presumably letters the plaintiff had tried to send from jail. Judge Bradley did not allow the letters to be entered into evidence.

The complaint contains no additional factual allegations.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his

federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, most of the named defendants are not mentioned in the complaint by name or role. This includes defendants Chris Davis, Tammy Ross, Tracy Floyd, Stephanie McFerren, Nacole Spilker, Dr. Pepper, Mavis Schliter, and Nurse Kayla. Because the complaint does not contain any factual allegations regarding these defendants, the complaint against these defendants will be dismissed for failure to state a claim for which relief may be granted.

Regarding the remaining defendants, the Court presumes that the plaintiff seeks to state a claim based on jail officials' opening the plaintiff's outgoing mail. Inmates have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburg v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safely*, 482 U.S. 78, 85 (1987). That right, however, is not absolute; it is limited by concerns for institutional security and public safety. Thus, prisons and jails may impinge upon an inmate's First Amendment right to send or receive mail so long as their policies are "reasonably related to legitimate penalogical interests." *Turner*, 482 U.S. at 89. With regard to outgoing mail, such concerns include, but are "not limited to, escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion." *Thornburgh*, 490 U.S. at 412.

In light of these legitimate concerns, it is well established that prison officials do not commit a constitutional violation by opening, inspecting, and even copying prisoners' non-privileged outgoing mail. *Gassler v. Wood*, 14 F.3d 406, 408 (8th Cir. 1994) (citing, among others, *Stow v. Grimaldi*, 993 F.2d 1002, 1004–05 (1st Cir. 1993) (holding that a New Hampshire State Prison practice of requiring nonprivileged outgoing mail to be submitted for inspection in unsealed envelopes does not violate prisoners' constitutional rights); *United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) (holding that "it is well established that prisons have sound reasons for reading the outgoing mail of their

inmates")). *See also Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004) ("Given that jail officials could legitimately read Busby's mail, we do not think that the First Amendment would bar them from turning letters over to the prosecutors if the jailers happened to find valuable evidence during their routine monitoring."); *Houston v. Hornick*, No. 2:08-cv-92, 2008 WL 2699384, *1–2 (W.D. Mich. June 30, 2008) (adopting report and recommendation dismissing complaint for failure to state a constitutional claim where prison official read prisoner's letter to psychiatrist and gave it to police, which resulted in prisoner's bond revocation and placement in segregation).

In this case, the plaintiff appears to complain only that his mail was opened and copied. He does not state what happened after his mail was opened and read by jail officials other than to suggest that several letters may have been handed over to law-enforcement authorities. The plaintiff does not allege the existence of a specific policy regarding the opening of inmate mail, and he does not indicate what concerns jail officials believed to have been implicated by the plaintiff's mail. He also does not state that the outgoing mail at issue was legal mail or otherwise subject to privilege, or that the defendants had reason to believe the outgoing mail was privileged. Because jail officials did not violate the plaintiff's constitutional rights by opening and inspecting his non-privileged outgoing mail, the Court finds that the allegations in his complaint fail to state a claim against any of the defendants for which relief may be granted.

It is not clear whether the plaintiff seeks to state a claim against Defendant Duty for "yelling" at him. If so, this attempt fails as well. Verbal harassment and abuse "do not constitute the type of infliction of pain that the Eighth Amendment prohibits," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004), and therefore do not give rise to a viable claim under 42 U.S.C. § 1983.

## IV.  Conclusion

For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted under 42 U.S.C. § 1983. An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court